IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Unula Boo Shawn Abebe, | ) | Criminal No. 3:09-00251-MBS |
| | ) | |
| Movant, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court pursuant to a pro se motion by Unula Boo Shawn Abebe ("Movant") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("motion to vacate"). (ECF No. 138.) The United States of America ("Respondent") opposes the motion to vacate. (ECF No. 151.) For the reasons set forth below, the court denies Movant's motion to vacate.

I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Movant is a state prisoner currently serving a term of imprisonment at the Lee Correctional Institution in Bishopville, South Carolina for violation of state law. In the instant matter, a federal grand jury indicted Movant on March 3, 2009, for one count of threatening the life of the President of the United States, in violation of 18 U.S.C. § 871. (ECF No. 1.) On March 31, 2009, Movant communicated to the court that he wanted to represent himself pro se and did so through the trial of the matter.[1] (ECF No. 13.) On May 6, 2009, Movant was named in a superseding indictment that charged two counts of threatening the life of the President of the United States, in violation of 18 U.S.C. § 871. (ECF No. 37.) On October 6, 2009, a jury found

---

[1] The court did appoint standby counsel for Movant's benefit. (See ECF Nos. 19, 21.)

1

Movant guilty on both counts of threatening the life of the President of the United States, in violation of 18 U.S.C. § 871. (ECF No. 81.) On January 14, 2010, the Honorable Matthew J. Perry, Jr. sentenced Movant to five years consecutive as to each count (for a total sentence of ten years) to run consecutive to Movant's undischarged term of state imprisonment in the South Carolina Department of Corrections.[2] (ECF No. 95.)

Movant filed a notice of appeal regarding his sentence on January 27, 2010.[3] (ECF No. 100.) Movant presented the following issues on appeal: (1) Whether the district court committed procedural error when sentencing [Movant] Abebe because the court did not adequately explain its sentence, and whether this was plain error; and (2) Whether the district court committed substantive error when sentencing [Movant] Abebe because the sentence given was too severe, and whether this was an abuse of discretion. (Opening Brief of Appellant at 1, United States v. Abebe, No. 09-5223, 2011 WL 664040 (4th Cir. Feb. 24, 2011).) On July 5, 2011, the United States Court of Appeals for the Fourth Circuit affirmed Movant's sentence. (ECF No. 134.)

On November 1, 2011, Movant initiated a civil action titled Abebe v. United States, Civil Action No. 0:11-02966-MBS-PJG (D.S.C. Nov. 1, 2011), seeking a "declaratory judgment" and "injunctive relief" pursuant to 28 U.S.C. § 2201. (ECF No. 138; ECF No. 1 (Civil Action No. 0:11-02966-MBS-PJG).) In his "COMPLAINT," Movant specifically asked the court for a declaration stating that his rights had been violated by agents of the United States of America and an order "dismissing the indictment," "vacat[ing] and set[ting] aside judgment in United States v. Abebe, 3:09-cr-00251," "discharg[ing] me," and "expunging the charges off of my

---

[2] On November 22, 2011, the case was reassigned to the Honorable Margaret B. Seymour, following the death of Judge Perry. (ECF No. 136.)

[3] The court notes that Movant filed a notice of appeal prior to his sentencing on December 21, 2009. (ECF No. 88.)

2

record." (Id. at pp. 10-12.) On November 21, 2011, the court entered an order (the "November order") directing the Clerk of Court to file Movant's complaint as a motion to vacate in the instant case and to close Civil Action No. 0:11-02966-MBS-PJG. (ECF No. 137; ECF No. 8 (Civil Action No. 0:11-02966-MBS-PJG).) Additionally, the court gave Movant twenty days to amend or withdraw his motion to vacate or have the court adjudicate the merits of the motion to vacate in the form it was submitted in on November 1, 2011. (Id.)

Movant did not adhere to the parameters established by the court in the November order. Instead, on December 19, 2011, Movant filed a motion in Civil Action No. 0:11-02966-MBS-PJG to alter and amend the November order pursuant to Fed. R. Civ. P. 59(e) and a motion for relief from the November order pursuant to Fed. R. Civ. P. 60. (ECF Nos. 11, 13 (Civil Action No. 0:11-02966-MBS-PJG).) The court denied both motions on January 11, 2012. (ECF No. 17 (Civil Action No. 0:11-02966-MBS-PJG).)

On February 6, 2012, the court entered an order providing Movant an additional twenty days to amend or withdraw his motion to vacate and warning him that a failure to amend or withdraw would result in the court adjudicating the merits of the motion to vacate in the form it was submitted in on November 1, 2011. (ECF No. 142.) Movant did not respond to the court's February 6, 2012 order. Thereafter, on April 30, 2012, Respondent filed its opposition to Movant's motion to vacate. (ECF No. 151.)

## II. LEGAL STANDARD

A. <u>Motion to Vacate and Procedural Default of Claims</u>

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under 28 U.S.C. § 2255, a movant is

3

required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. Rules Governing Section 2255 Proceedings 4(b); see 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

Generally, when a movant attacks his sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir.1994)). The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. Id. And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Id.

However, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003).

B.  Liberal Construction of Pro Se Claims

The court is required to construe pro se pleadings liberally. See, e.g., Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Haines, 404 U.S. at 520. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

C.  Ineffective Assistance of Counsel

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, Movant must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. Strickland, 466 U.S. at 687. To demonstrate deficient performance, Movant must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Id. Competency is measured by what an objectively reasonable attorney would have done under the circumstances existing at the time of the representation. Id. at 687-88. To demonstrate actual prejudice, Movant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Id. at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." Id. Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. Id. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697.

A criminal defendant's right to effective assistance of counsel continues through a direct appeal. See Evitts v. Lucey, 469 U.S. 387, 395-96 (1985). Appellate counsel is not obligated to assert all non-frivolous issues on appeal; there is hardly any question about the importance of examining the record and having appellate counsel select the most promising issues for review. Jones v. Barnes, 463 U.S. 745, 752 (1983); see also Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989). "'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (quoting Jones v. Barnes, 463 U.S. at 751). Ineffective assistance of appellate counsel may be shown if a defendant can establish that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker. Smith v. Robbins, 528 U.S. 259, 288 (2000). The presumption of effective assistance of counsel generally will be overcome only when ignored issues are clearly stronger than those presented. Smith, 477 U.S. at 533. "[A] criminal petitioner has not necessarily received ineffective assistance when his counsel fails to present every non-frivolous issue on appeal." Jones v. Barnes, 463 U.S. 745, 752 (1983). "An attorney may decline to appeal a non-frivolous issue if appealing a weak issue would have the effect of diluting stronger

6

arguments on appeal." Id.

To establish prejudice relating to the actions of appellate counsel, the movant must establish a reasonable probability that, but for his counsel's unreasonable failure to include a particular issue on appeal, he would have prevailed on his appeal. Smith, 528 U.S. at 285–86.

### III. ANALYSIS

In his motion to vacate, Movant raises numerous grounds for relief in 143 separate paragraphs. Movant had previously attempted to assert the grounds for relief identified in his motion to vacate in the initial notice of appeal that he filed prior to his sentencing and entry of judgment by the court. (See ECF No. 88.) However, these grounds were disregarded by counsel appointed to pursue his appeal. (See Opening Brief of Appellant at 1, United States v. Abebe, No. 09-5223, 2011 WL 664040 (4th Cir. Feb. 24, 2011).) Therefore, Movant's cognizable grounds for relief in the motion to vacate are appropriately categorized as statements in support of his claim of ineffective assistance of appellate counsel. More specifically, Movant alleges that appellate counsel failed to raise on appeal (1) an alleged violation of Brady v. Maryland, 373 U.S. 83 (1963), by Respondent for failing to disclose to Movant the identity of handwriting expert witness Jennifer Kessel until right before trial; (2) a challenge to the district court's jurisdiction and/or an objection to the district court's refusal to grant Movant an evidentiary hearing to determine if a statement of confession alleged to be unconstitutional by Movant was used by Respondent in the grand jury proceeding to obtain the indictment; (3) objections to the prosecutorial misconduct of the Assistant United States Attorney, who among other things failed to disclose Respondent's use of a handwriting expert (Kessel) and a witness with an alleged criminal history (Emmanuel Abebe, Movant's father); and (4) objections to rulings of the trial

court that allowed Respondent's handwriting expert to testify and prevented Movant from conducting his desired cross-examination of Respondent's witnesses. (ECF No. 138, pp. 6-12 ¶¶ 111-134.)

In its opposition to the motion to vacate, Respondent asserts that the performance of Movant's appellate counsel was not deficient and Movant is unable to establish prejudice. In support of its assertions, Respondent submitted an affidavit from Movant's appointed appellate counsel, Andrew MacKenzie, who provided an explanation behind his strategy of not pursuing the various grounds that Movant has raised in his motion to vacate. (See ECF No. 151-1.) In this regard, Movant's appellate counsel stated that he raised what he considered to be the strongest issue and declined to raise weaker ones. (Id. at 2 ("I raised the one issue I thought he might have a chance with.").) As noted above, "[w]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." Smith, 477 U.S. at 536 (citation omitted). Movant failed to respond to the assertions by his appellate counsel and, therefore, is unable to establish that the arguments presented by appellate counsel were weaker than those Movant would have included in his appeal and has included in his motion to vacate. Based on the foregoing, the court finds that Movant cannot establish prejudice, as none of the grounds asserted by Movant would have changed the outcome of the appeal. Accordingly, the court must deny Movant's motion to vacate with prejudice.

## IV. CONCLUSION

Upon careful consideration of the entire record and the arguments of the parties, the court is of the opinion that Movant Unula Boo Shawn Abebe's motion to vacate, set aside, or correct

his sentence pursuant to 28 U.S.C. § 2255 should be and is hereby **DENIED** with prejudice.

## V.   CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253©. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See, e.g., Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

s/Margaret B. Seymour
MARGARET B. SEYMOUR
SENIOR UNITED STATES DISTRICT JUDGE

April 19, 2013
Columbia, South Carolina